**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TIMOTHY KOURY,

        Plaintiff,

v.

COLLAVINO CONSTRUCTION COMPANY
LIMITED, a Canadian corporation,
COLLAVINO CONSTRUCTION
COMPANY, INC., a Canadian corporation,
COLLAVINO CONSTRUCTION
COMPANY, U.S.A., a Delaware
corporation,

        Defendants.
_____/

Case Number: 08-12438

HON. MARIANNE O. BATTANI

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION**

**I.  INTRODUCTION**

This matter is before the Court as a result of supplemental briefing the Court requested regarding Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue Pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), or in the Alternative for Transfer of Venue. (See doc. 10). The Court held a hearing on this motion on November 10, 2008. At that hearing, the Court determined that it did not have specific jurisdiction over the Defendants and that Defendants had not, at that time, demonstrated that venue was improper with this Court. (See doc. 15). The Court did not resolve the issue of whether it had general personal jurisdiction over Defendants. Therefore, discovery and additional briefing was allowed on that issue. (See id.). The

Court has received supplemental briefing from both parties and, for the reasons that follow, **GRANTS** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

In its supplemental brief, Plaintiff asks the Court to reconsider its previous determination that it lacked specific personal jurisdiction over Defendants. (Doc. 35 at 2, 5). As an initial matter, a motion for reconsideration must be filed within 10 days after entry of the order being challenged. E.D. Mich. LR 7.1(g)(1). This Court held that it did not have specific jurisdiction over Defendants in its November 13, 2008, order. Accordingly, Plaintiff's June 22, 2009, Supplemental Brief is untimely as a motion for reconsideration. Nevertheless, because Plaintiff's request for reconsideration is based on information uncovered during discovery, the Court will address Plaintiff's arguments. See FED. R. CIV. P. 6(b) (noting that the Court may, for good cause, extend the time for an act to be done even after the original time has expired).

Plaintiff's supplemental brief does not contend that Defendants are subject to general personal jurisdiction. (See doc. 35). Accordingly, the Court finds that Plaintiff has waived any claim that the Court has general personal jurisdiction over Defendants.

## II. STATEMENT OF FACTS

This case involves Plaintiff Timothy Koury's employment by a construction company owned by Renzo Collavino ("Collavino Construction"). In 2005, Koury worked for Renaissance Precast, a company located in River Rouge, Michigan and owned by Renzo Collavino ("Collavino"). Collavino appears to have lived in River Rouge at the time. In December 2006, Collavino met with Koury in River Rouge, and asked Koury to

accept a position in New York City as the Director of Safety for a construction project being performed by Collavino Construction. Koury and Collavino met again in March 2007 to discuss additional details about the position including salary and benefits. They continued to communicate via email, and Koury subsequently accepted the position. Koury's employment with Collavino Construction began on April 1, 2007. For the first month, Koury worked from his home in Michigan putting together safety materials. In May 2007, Koury began working in New York City. On December 20, 2007, Koury received a letter informing him that he was being laid off. Koury subsequently filed suit alleging breach of contract. (Doc. 1).

### III.    STANDARD OF REVIEW

Pursuant to E.D. Mich. LR 7.1(g)(3), a movant may obtain relief through a motion for reconsideration if it demonstrates that (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. A "palpable defect" is an error "which is obvious, clear, unmistakable, manifest, or plain." Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001).

A motion to dismiss for lack of personal jurisdiction leaves the Court with three options: "it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). Regardless of how the court proceeds, the plaintiff always bears the burden of establishing that jurisdiction exists. Id. "Where the court relies solely on the parties' affidavits to reach its decision, the plaintiff must make only a prima facie showing that

3

personal jurisdiction exists in order to defeat dismissal." Id. Under these circumstances, the Court must construe the facts in the plaintiff's favor and not consider any facts proffered by the defendant that conflict with those offered by the plaintiff. Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002).

**IV.   ANALYSIS**

This Court previously determined that it did not have specific personal jurisdiction over the Defendants, but Plaintiff asks the Court to reconsider that determination in light of new facts that were revealed during discovery. In particular, Plaintiff states that it has learned that Defendants established a 401(k) account for Koury through a Michigan broker. The Court finds, however, that it does not have specific jurisdiction over Defendants despite their establishment of this 401(k) account.

"Personal jurisdiction over an out-of-state defendant arises from 'certain minimum contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Air Products and Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 549 (6th Cir. 2007) (alteration omitted) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). A court sitting in diversity will only have personal jurisdiction over a defendant if the law of the forum state authorizes jurisdiction and that exercise of jurisdiction comports with Due Process. Id. at 550.

Michigan's long-arm statute states that the existence of any of the following relationships between a corporation or its agent and the state will give rise to specific jurisdiction:

(1) The transaction of any business within the state.

4

>    (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
>    (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
>    (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
>    (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

M.C.L. § 600.715.  The Court finds that this case does fall within Michigan's long-arm statute.  See id.  Therefore, the issue is whether the exercise of personal jurisdiction over Defendants would comport with Due Process.

The Due Process Clause permits the exercise of both general and specific personal jurisdiction.  City of Monroe Employees Retirement Sys. v. Bridgestone Corp., 399 F.3d 651, 665 (6th Cir. 2005).  "General jurisdiction exists when a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state."[1]  Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005) (quotation omitted).

Specific jurisdiction exists if the following three-part test is satisfied:

>    First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

---

[1] As already discussed, the Court finds that Plaintiff has waived any claim that Defendants are subject to general personal jurisdiction.

5

S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968). "Th[e] purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations and quotations omitted). Accordingly, this requirement ensures that the defendant's contacts with the forum state "are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Addressing a breach of contract claim, the U.S. Supreme Court has "emphasized the need for a 'highly realistic' approach that recognizes that a 'contract' is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." Burger King Corp., 471 U.S. at 479 (quotation omitted). Accordingly, the analysis must look to the "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." Id. The Sixth Circuit has stated that the mere existence of a contract between the defendant and a citizen of the forum state is insufficient to confer specific personal jurisdiction. Calphalon Corp. v. Rowlette, 228 F.3d 718, 722 (6th Cir. 2000). But, where a defendant creates a "substantial connection" with the forum state, jurisdiction is proper. Burger King Corp., 471 U.S. at 475 (citing McGee v. Int'l Life Insurance Co., 355 U.S. 220, 223 (1957)).

In Calphalon, the Sixth Circuit addressed a case involving a Minnesota-based corporation that had served as Ohio-based Calphalon's exclusive manufacturing representative for the states of Minnesota, Iowa, North Dakota, South Dakota, and Nebraska. Id. at 720. During the course of their relationship, the Minnesota-based

6

defendant corresponded with Calphalon via telephone, fax, mail, and two physical visits. Id.  In addition, the parties' agreement was to be interpreted under the laws of Ohio.  Id. Calphalon subsequently filed a suit in Ohio district court relating to the parties' relationship.  Id. at 721.  The district court granted defendant's motion to dismiss based on a lack of personal jurisdiction, and the Sixth Circuit affirmed.  Id. at 721, 724.  The Sixth Circuit found that the actual course of dealings between the parties demonstrated that the defendant's contacts with Ohio were purely fortuitous and attenuated because the defendant's performance of the agreement was not focused on exploiting the Ohio market.  Id. at 722-23.  Furthermore, the defendant's contacts resulting solely from Calphalon's presence in Ohio "were precisely the type of random, fortuitous, and attenuated contacts that the purposeful availment requirement is meant to prevent from causing jurisdiction."  Id. at 723 (quotations omitted).

This Court previously determined that, as in Calphalon, Defendants contacts with Michigan were not such that they should be subject to specific personal jurisdiction. The fact that Defendants agreed to set up Koury's 401(k) through a Michigan broker does not change this determination.  The only reason Defendants set up the 401(k) account with a Michigan broker and not a New York broker was because Koury asked Defendants to use this particular broker.  (See doc. 35, exh. 8 at 95).  Defendants agreed to use this broker as a favor to Koury and because it would be possible to add other (presumably non-Michigan) employees to the plan in the future due to the fact that the broker was associated with Merrill Lynch, an international company.  (Id. at 95-96). Defendants' act of setting up the 401(k) account within Michigan was not an attempt by Defendants to take advantage of a Michigan market and instead was "the type of random, fortuitous, and attenuated contacts that the purposeful availment requirement

7

is meant to prevent from causing jurisdiction." Calphalon, 228 F.3d at 723 (quotations omitted); see Burger King Corp., 471 U.S. at 479.  As such, this Court lacks specific personal jurisdiction over Defendants.  See S. Mach. Co., 401 F.2d at 381.  Therefore, the Court has not been misled by a palpable defect, and Koury has not shown that the Court should reconsider its previous determination that it did not have specific personal jurisdiction over Defendants.  See E.D. Mich. LR 7.1(g)(3).

### V.    CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss, (Doc. 10), is **GRANTED.**

**IT IS SO ORDERED.**


                                    s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT JUDGE

Dated: September 3, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                    s/Bernadette M. Thebolt
                                    Deputy Clerk